**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4426**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WILLIE MACK PURNELL, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Chief District Judge. (4:05-cr-00770-TLW-5)

Submitted: November 30, 2018          Decided: December 7, 2018

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark C. McLawhorn, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Christopher B. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Mack Purnell, Jr., appeals from his 24-month sentence, imposed pursuant to the revocation of his supervised release. On appeal, Purnell asserts that his sentence was plainly unreasonable because (1) the district court placed too much reliance on the seriousness of the underlying supervised release violations and (2) the district court failed to adequately explain the pertinent sentencing factors when imposing an upward variance. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. *Crudup*, 461 F.3d at 438-39. The district court also must provide a statement of reasons for the sentence imposed, but that explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b). According to 18 U.S.C. § 3583(e) (2012)

2

(governing supervised release revocation), the court also must consider certain of the factors enumerated under § 3553(a), though not the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439. We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641. Thus, although the district court may not rely "predominately" on the § 3553(a)(2)(A) factors in selecting a revocation sentence, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

We find that Purnell has not successfully demonstrated that the district court procedurally erred in relying too heavily on the seriousness of his revocation conduct while on supervision. First and foremost, prior to announcing sentence, the district court enumerated the numerous instances and ways in which Purnell violated the terms of his supervised release. These included, in most relevant part, Purnell's criminal conduct and his absconding for nearly a year. By virtue of its recitation of Purnell's varied and repeated violations, the court identified as its foremost concern Purnell's pattern of noncompliance and his failure to learn from his mistakes or to be deterred by prior lenient treatment. Such considerations are relevant to the appropriate sentencing factors of the nature and circumstances of the violations, Purnell's history and characteristics, and the need for deterrence and to protect the public from further crimes by Purnell. *See* 18

3

U.S.C. §§ 3553(a)(1), (a)(2)(B), (C), 3583(e). While counsel correctly notes that the court repeatedly categorized Purnell's violations of supervised release as "serious," these statements are the sort of "mere reference" that we found permissible in *Webb*, as the record does not demonstrate that this was at the cornerstone of the court's sentencing decision.

Turning to the issue of whether the district court's explanation of its consideration of the statutory factors was sufficient to support the variance sentence, it is plain from the record that that the court found that the policy statement range was insufficient given Purnell's repeated, wholesale failure to comply with many of the requirements of his release. The court clearly said as much when stating that Purnell could not have "breach[ed] the trust of this Court any more than he did" and that his actions constituted an "abject failure to abide by any conditions of release." While Purnell contends that the court's reasoning was not sufficiently individualized, the record does not support his contentions. The court specifically examined Purnell's history and characteristics, noting the details of his underlying convictions, as well as Purnell's repeated failure to comply with the requirements of supervised release. The court further discussed Purnell's need for treatment, as well as Purnell's need for future supervision to ensure that he pays restitution. In addition, the district court explicitly stated that it considered the remaining statutory factors. The court's multi-faceted reasons for the upward variance sentence provided a proper and individualized explanation for the variance sentence.

4

Accordingly, we affirm Purnell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*